THE HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DEBORAH R. CLARK, | NO. C07-5222 RBL |
| Plaintiff, | ORDER FOR BENCH TRIAL |
| v. | |
| QWEST DISABILITY PLAN, | |
| Defendant. | |

This matter was originally before the Court on cross motions for summary judgment. Having considered the entirety of the record and having heard oral argument on the matter, the Court concludes that issues of material fact pervade this litigation and that the case cannot be properly adjudicated on cross motions for summary judgment. Those motions for summary judgment [Dkt. nos. 15 & 16] are therefore denied.

The facts giving rise to this litigation are set forth in the Court's order of February 26, 2008. [Dkt. #23] In that order and at the March 21, 2008, oral argument, the Court asked the parties to address some additional issues that had not been fully argued in the briefs. The parties then agreed to file a stipulation with the Court: (1) setting a time table for the consideration of additional evidence and (2) outlining the discovery to be conducted regarding the existence and extent, if any, of any conflict of interest. At the hearing, the Court also suggested that the case might be remanded to the Plan Administrator for the taking of additional evidence, and the parties have now filed a stipulation with the Court to that effect.

1    However, as the Court indicated at oral argument, remand was not a foregone conclusion. Indeed, upon further consideration, the Court has concluded that the case should not be remanded to the Plan Administrator. *See Saffon v. Wells Fargo & Co. Long Term Disability Plan*, 511 F.3d 1206, 1217 (9th Cir. 2008) (parties allowed to present additional evidence "in the district court"); *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 973 (9th Cir. 2006) ("the court may take additional evidence when [procedural] irregularities have prevented full development of the administrative record").

The Court will therefore conduct a one-day bench trial on the administrative record. No live testimony will be presented;[1] however, at her discretion, Plaintiff may supplement the record with written evidence tending to rebut the Reed Review Services and Genex, Inc. reports (which she saw for the first time on denial of her administrative appeal). Either party may submit evidence regarding the existence of any conflict of interest, and the Court will permit limited discovery on this issue.

Thus, the parties should submit an updated joint status report reflecting the Court's ruling and proposing timetables for the completion of discovery and the collection, exchange, and review of additional evidence, if any. This report should be filed with the Court no later than Friday, April 18, 2008. The parties' cross motions for summary judgment [Dkt. nos. 15 & 16] are DENIED, with prejudice. Trial is set for Monday, October 20, 2008.

IT IS SO ORDERED.

DATED this 8th day of April, 2008.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

---

[1] Taking additional evidence allows the Court to "recreate what the administrative record would have been had the procedure been correct." *Abatie*, 458 F.3d at 973. In line with this goal, any additional evidence should be submitted to the Court in written form.